NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**PAULA N. ALLEN, et al.,**
*Plaintiffs-Appellants*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2024-1117

---

Appeal from the United States Court of Federal Claims in No. 1:22-cv-00400-EDK, Chief Judge Elaine Kaplan.

---

Before LOURIE, CUNNINGHAM, and STARK, *Circuit Judges.*

LOURIE, *Circuit Judge.*

## O R D E R

In light of the Supreme Court's decisions in *Loper Bright Enterprises v. Raimondo*, No. 22-451, and *Relentless, Inc. v. Department of Commerce*, No. 22-1219, the parties "agree that the Court should remand this case to the [United States] Court of Federal Claims but do not agree on whether this Court should vacate the judgment of the Court of Federal Claims." ECF No. 15 at 2.

In granting the government's motion for summary judgment, the Court of Federal Claims determined that,

because the statutory phrase "officially ordered or approved" was ambiguous and the agency's rule interpreting that phrase was reasonable, it was entitled to deference under *Chevron, U.S.A., Inc. National Resources Defense Council, Inc.*, 467 U.S. 837 (1984), thereby "supersed[ing]" this court's prior construction in *Mercier v. United* States, 786 F.3d 971 (Fed. Cir. 2015). Dkt. No. 170 at 14.

But *Chevron* has been overruled. The Supreme Court has now instructed that courts must "exercise their independent judgment in deciding whether an agency has acted within its statutory authority" and "may not defer to an agency interpretation of the law simply because a statute is ambiguous." *Loper Bright Enters. v. Raimondo*, 144 S. Ct. 2244, 2273 (2024). And the Court made clear that the law does not demand that courts "mechanically afford *binding* deference to agency interpretations" "when a preexisting judicial precedent holds that the statute means something else." *Id.* at 2265.

Because the Court of Federal Claims's decision was predicated on since overruled precedent, we vacate the judgment and remand for further proceedings. *See Utah v. Su*, 109 F.4th 313, 319 n.10 (5th Cir. 2024) (vacating and remanding under the same circumstances and collecting cases supporting vacatur as the general approach).

Accordingly,

IT IS ORDERED THAT:

(1) The United States Court of Federal Claims's August 17, 2023 order and August 18, 2023 judgment are vacated, and the matter is remanded to the Court of Federal Claims for proceedings consistent with the Supreme Court's decision in *Loper*.

(2) Each side to bear its own costs.

FOR THE COURT

August 30, 2024
Date

Jarrett B. Perlow
Clerk of Court